THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GEORGE VAN WAGNER**,

       Plaintiff,

v.                                                  **Civil Action No. 3:11-CV-75
                                                    (BAILEY)**

**ATLAS TRI-STATE SPE, LLC, et al.,**

       Defendants.

## MEMORANDUM OPINION AFFIRMING ORDERS OF THE BANKRUPTCY COURT

Pending before the Court is an appeal filed by George Van Wagner challenging various decisions of the United States Bankruptcy Court for the Northern District of West Virginia ("Bankruptcy Court"): (1) a November 22, 2010, order finding that certain causes of action had not been abandoned by the trustee of Mr. Van Wagner's bankruptcy estate [Doc.16-28], (2) three August 1, 2011, orders settling claims in various bankruptcy proceedings [Docs. 9-4, 12-12, and 15-4], and (3) two August 11, 2011, orders granting motions to expunge notices of lis pendens [Docs. 12-16 and 16-4].  For the reasons more fully stated below, this Court finds that the orders of the Bankruptcy Court should be **AFFIRMED**.

## I.  BACKGROUND

### A.  General

On September 24, 2007, Hickory Ridge, LLC, ("Hickory Ridge") filed a Chapter 7

bankruptcy petition with the United States Bankruptcy Court for the Northern District of West Virginia ("Bankruptcy Court") [Doc. 9-4 at 2].  Robert Trumble was appointed Chapter 7 trustee for Hickory Ridge [*Id.* at 4].  Vanwood, LLC, ("Vanwood") filed a Chapter 7 bankruptcy petition on December 27, 2007, with the Bankruptcy Court [*Id.* at 2].  Mr. Trumble was appointed trustee of Vanwood's estate [*Id.* at 5].  On March 28, 2008, George Van Wagner (hereinafter "Mr. Van Wagner" or "appellant") filed a voluntary Chapter 11 petition with the Bankruptcy Court, which was converted to a Chapter 7 proceeding on July 1, 2009 [*Id.* at 2].  Thomas Fluharty was appointed the trustee of Mr. Van Wagner's estate [*Id.* at 1].

### B.  Mr. Van Wagner's State Civil Cases

Mr. Van Wagner "filed two civil lawsuits in the Circuit Court of Berkeley County[,] West Virginia, referred to . . . as the 'First Civil Case' and the 'Second Civil Case,'" because he was "[u]nder the belief that the Chapter 7 trustee of his personal estate had abandoned certain causes of action and business interests" [Doc. 9-4 at 2].[1]  In these state civil proceedings, Mr. Van Wagner "assert[ed] rights on behalf of himself, Hickory Ridge, and/or Vanwood" [*Id.*].

### 1.  First Civil Case

The First Civil Case was filed by Mr. Van Wagner on February 16, 2010 [Doc. 9-4 at 2].  On February 19, 2010, the case was removed to Bankruptcy Court and assigned Adversarial Proceeding Number 3:10-AP-21 (with Case Number 3:07-BK-1251 serving as the lead bankruptcy case).  In the complaint for this, Mr. Van Wagner claimed to be the

---

[1]However, on November 22, 2010, the Bankruptcy Court ruled that abandonment was not accomplished [Doc. 9-4 at 2].

"beneficial owner of the assets of Hickory Ridge [and] sued multiple defendants based on a May 4, 2005[,] sale of 53.7 acres by Hickory Ridge to James G. Gore, Jr." [*Id.* at 2-3]. The land purchase agreement described five parcels (parcels 34.1, 37, 37.1, 37.2, and 38) and included multiple conditions precedent to finalizing the sale [*Id.* at 3]. "On June 22, 2005, Mr. Gore sold all five parcels to a third party for $9,730,000," which was substantially more than what Hickory Ridge received from Mr. Gore for its sale [*Id.*]. Hickory Ridge obtained the deed to four of the five parcels (parcels 34.1, 37, 37.1, and 37.2) on August 4, 2005; it received the deed to the fifth parcel (parcel 38) three days later [*Id.*].

On February 17, 2006, Mr. Gore filed a lawsuit against Hickory Ridge to compel the conveyance of these parcels of land [Doc. 9-4 at 3]. The parties agreed that Hickory Ridge would convey the five parcels of land to Jennifer Grafton-Gore for $5,143,000 [*Id.*]. David A. Pill, Esq., and the law firm Pill & Pill, LLC, oversaw the closing [*Id.*]. "[H]owever, the conveyance erroneously omitted parcel 38" [*Id.*]. On March 7, 2006, Ms. Grafton-Gore granted a deed of trust on all five parcels to secure a note owed to Centra Bank; however, the deed of trust also erroneously omitted parcel 38 [*Id.*]. On the same day, Ms. Grafton-Gore signed a promissory note to Hickory Ridge for $3,168,711.56, which also erroneously omitted parcel 38, and Hickory Ridge's interest in the note and deed of trust was then assigned to Rapid Funding [*Id.*].

Hickory Ridge did not learn about the mistake with parcel 38 being omitted from the deed until March 13, 2008, which is when a lawsuit was filed by Centra Bank to correct the deed [Doc. 9-4 at 4]. As such, Hickory Ridge did not include parcel 38 on its bankruptcy schedules when it submitted its September 24, 2007, Chapter 7 bankruptcy case [*Id.*]. A settlement of the lawsuit to correct the deed was approved on December 4, 2008; in the

3

settlement the "Chapter 7 trustee for Hickory Ridge conveyed parcel 38 in exchange for $50,000" [*Id.*].

Based on these facts, Mr. Van Wagner argued in the first civil proceeding that the Hickory Ridge obtained title to parcel 38, not Ms. Grafton-Gore [*Id.* at 3-4]. He also claimed that Mr. Pill and Pill & Pill, LLC, not only made negligent errors during the closing, but also "conspired to hide the omission of parcel 28 from him, and to reach a settlement without his knowledge" [*Id.* at 4].

### 2.  Second Civil Case

The Second Civil Case was filed by Mr. Van Wagner on March 8, 2010 [Doc. 9-4 at 5]. On the same day, the case was removed to Bankruptcy Court and assigned Adversarial Proceeding Number 3:10-AP-46 (with Case Number 3:08-BK-435 serving as the lead bankruptcy case). In the complaint, Mr. Van Wagner alleged that he is the beneficial owner of Vanwood [*Id.*]. Mr. Van Wagner alleged that Vanwood financed the purchase of 49.3822 acres of real property in Berkeley County under five deeds through Branch Banking and Trust Company ("BB&T") and that BB&T took an ownership interest in that property [*Id.*]. One of the tracts contained 4.172 acres [*Id.* at 5]. Mr. Van Wagner alleged that the "habendum clause" of the deed of trust securing BB&T's loan did not sufficiently describe this 4.172-acre tract [*Id.* at 6]. On March 31, 2009, BB&T foreclosed on the 49.3822 acres and sold it to Atlas Tri-State SPE, LLC ("Atlas") [*Id.*]. This deed fully described the 4.172-acre tract [*Id.* at 6-7]. In Case Numbers 3:08-BK-435 and 3:07-BK-1671, Mr. Van Wagner asked the Bankruptcy Court to declare that the 4.172-acre tract of property belongs to Vanwood and was not subject to a lien by BB&T [*Id.* at 7].

C.  The Bankruptcy Court's Orders

On January 24, 2010, the Bankruptcy Court held a hearing on pending motions to compromise, which were approved by order on February 3, 2010 [*See* Doc. 16-28].  On November 22, 2010, the Bankruptcy Court entered a Memorandum Opinion concluding that "the Trustee did not abandon 'any and all other causes of action which could be asserted by George Van Wagner, individually, against any party other than Paul Van Wagner, PVW Enterprises, King Metro Rentals or Quail Farms,' as of the January 14, 2010[,] hearing on the Trustee's Motion to Compromise, or as of February 3, 2010, the date the court entered the order approving of the Trustee's proposed settlement" [Doc. 16-28 at 11].  Mr. Van Wagner previously appealed this order to this Court on January 28, 2011 [Case No. 3:11-CV-6 Doc. 1].  This Court denied the interlocutory appeal on February 28, 2011, stating that the notice requirements for abandonment pursuant to 11 U.S.C. 554(a) and Rule 6007 of the Federal Rules of Bankruptcy Procedure were not met for a number of reasons [Case No. 3:11-CV-6 Doc. 15 at 4-5].  On March 7, 2011, Mr. Van Wagner appealed the District Court's Order Denying Interlocutory Appeal to the Fourth Circuit Court of Appeals ("Fourth Circuit") [Case No. 3:11-CV-6 Doc. 17]; on August 29, 2011, the Fourth Circuit denied the appeal [Case No. 3:11-CV-6 Doc. 22 at 3].

By August 1, 2011, order, the Bankruptcy Court granted motions for approval of settlement and compromise of claims against (1) BB&T and (2) Mr. Pill and Pill & Pill, LLC, filed by Thomas Fluharty in Case Number 3:08-BK-435 and Robert Trumble in Case Number 3:07-BK-1671 [Doc. 9-4 at 15].  On the same day in Case Number 3:10-AP-46, the Bankruptcy Court entered orders providing for the settlement of all claims raised against Mr. Pill; Pill & Pill, LLC; BB&T; Atlas; William Hallam; Rosenberg, Martin, Greenberg, LLP;

5

Thomas Libowitz, P.A.; James Steptoe; and the estate of James Steptoe [Doc. 12-16; Doc. 16-4].[2]  The appellant filed notices of lis pendens with regard to the disputed property in Berkeley County [*See* Doc. 16-14].  After ruling on the motions for approval of settlement and compromise, the Bankruptcy Court issued orders granting motions to expunge the plaintiff's notices of lis pendens on August 11, 2011 [Doc. 12-16 at 1; Doc. 16-4 at 1].

### D.  Appeal of the Bankruptcy Orders

On October 27, 2011, Notices of Appeal from Bankruptcy Court Case Numbers 3:08-BK-435, 3:10-AP-46, 3:07-BK-1251, 3:10-AP-21, and 3:07-BK-1671 [Docs. 9, 10, 11, 12, 13, 14, 15, 16, and 19] were filed in this proceeding.  This Court consolidated the various appeals by Orders entered on November 2, 2011, [Doc. 20] and November 3, 2011 [Doc. 23].

On November 23, 2011, Mr. Van Wagner filed his Appellant's Brief [Doc. 42].  In his brief, the appellant identifies the following seven issues for review:

> (1) Whether the [B]ankruptcy [C]ourt erred in expunging a Notice of Lis Pendens,
> (2) Whether [the] [B]ankruptcy [C]ourt erred in granting a Motion without giving [the] adverse party adequate time to respond,
> (3) Whether the action of the [B]ankruptcy [C]ourt subjected Appellant to a Due Process Deprivation,
> (4) Whether the Bankruptcy Court committed error when it informed the Pro se Appellant that his Bankruptcy Estate Trustee had abandoned all cause of actions,
> (5) Whether [the] Bankruptcy Court erred in determining that Trustee's abandonment was an informal notice of intent to abandon all causes of action,
> (6) Whether [the] Bankruptcy Court erred when it reversed itself with further

---

[2]These orders were amended by the Bankruptcy Court on August 11, 2011, to correct the spelling of Mr. Hallam and the law firm of Rosenburg, Martin, Greenberg, LLP [*See* Docs. 12-17 at 1 and 16-15 at 1].  However, these amended orders made no substantive changes to the Bankruptcy Court's August 1, 2011, orders [**id.**].

evidentiary hearings, and
(7) Whether the Bankruptcy Court erred in granting Motions for Approval to
Settle & Compromise Claims brought by the U.S. Trustees when claims of
fraud and deceit among parties were alleged and not yet litigated.

[Doc. 42 at 4].  In addition, the appellant requests this Court to "reverse the Orders of the

Bankruptcy Court [referred to in his brief], including the Orders of [August 1, 2011]" [Doc.

42 at 22].[3]

On December 5, 2011, appellee BB&T filed its brief [Doc. 43]; in its brief, BB&T

argues that (1) the Bankruptcy Court properly determined that Fluharty had not abandoned

the disputed claims, (2) the Bankruptcy Court did not abuse its discretion in authorizing Mr.

Fluharty and Mr. Trumble to settle the disputed claims, and (3) the quashing of the notices

of lis pendens was required by the abandonment opinion and the settlement orders [*Id.* at

12-25].  Also on December 5, 2011, Appellees Atlas and William Hallam filed their brief

[Doc. 44] and Mr. Pill and Pill & Pill, LLC, filed their Appellee Brief [Doc. 45], both briefs

"incorporat[ing] by reference . . . Brief of Appellee [BB&T]" [Docs. 44 and 45 at 1].  On

December 7, 2011, Robert W. Trumble, Chapter 7 Trustee for the bankruptcy estates of

Vanwood, LLC, and Hickory Ridge, LLC, filed a Brief of Appellee [Doc. 47], also joining in

and incorporating by reference BB&T's brief [*Id.* at 2].  The appellant never filed a reply

brief in response to the appellees' various briefs [*See* 3:11-cv-75 docket sheet].

## II.  APPLICABLE STANDARD

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, "the district

court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or

---

[3]The appellant also states that he requests this Court "[t]o stay all proceedings of the
Bankruptcy Court until matters are resolved" [Doc. 42 at 22].  However, this Court has
addressed the Motion for Stay in a prior ruling [*See* Doc. 18].

remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses."  FED. R. BANKR. P. 8013.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  ***Anderson v. Bessemer City***, 470 U.S. 564, 573 (1985) (quoting ***United States v. United States Gypsum Co.***, 333 U.S. 364, 395 (1948)).  With respect to a bankruptcy court's conclusions of law, the appropriate standard of review is *de novo.  See **In re Mitrano***, 409 B.R. 812, 815 (E.D. Va. 2009); ***In re Meredith***, 527 F.3d 372, 375 (4th Cir. 2008); ***Gilbert v. Scratch 'N Smell, Inc.***, 756 F.2d 320 (4th Cir. 1985). In cases where the issues present mixed questions of law and fact, the reviewing court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts.  *See **Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond***, 80 F.3d 895, 905 (4th Cir. 1996).  Finally, decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion. *See **In re Morris***, 385 B.R. 823, 828 (E.D. Va. 2008).

### III.  ANALYSIS

Below, the Bankruptcy Court's orders included rulings on (1) the abandonment of causes of action, (2) the settlement and compromise of claims, and (3) the expungement of notices of lis pendens [*See* Docs. 16-28, 12-12, 15-4, 9-4, 12-16, and 16-14].

A.  Abandonment of Causes of Action

On November 22, 2010, the Bankruptcy Court issued a Memorandum Opinion stating that "its order approving the settlement agreement did not act to abandon the property interests sought to be assumed by Mr. Van Wagner" [Doc. 16-28 at 1].  Mr. Van Wagner identifies three issues with regard to abandonment: (1) whether the Bankruptcy Court improperly informed Mr. Van Wagner that his bankruptcy estate trustee had abandoned all causes of action; (2) whether the Bankrupcty Court improperly determined that the Trustee's abandonment was an informal notice of intent to abandon all causes of action; and (3) whether the Bankruptcy Court improperly reversed itself with regard to abandonment [Doc. 42 at 4].

The appellant acknowledges that he has already appealed the Bankruptcy Court's November 22, 2010, ruling; he states that he is submitting these arguments again to this Court now that the issue is final [Doc. 42 at 12].  However, this Court has already ruled that the Bankruptcy Court properly found that the notice requirements of 11 U.S.C. § 554(a) and Rule 6007 of the Federal Rules of Bankruptcy Procedure were not met [*See* Case. No. 3:11-CV-6 Doc. 15 at 4-5].[4]   As such, appellant's argument regarding language in the

---

[4]Pursuant to section 554, "[a]fter a notice and a hearing, the trustee [of a bankruptcy estate] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Rule 6007 requires that "the trustee . . . give notice of a proposed abandonment or disposition of property to [*inter alia*] all creditors . . .." FED. R. BANKR. P. 6007(a); *see also* **Wissman v. Pittsburgh Nat'l Bank**, 942 F.2d 86, 973 (4th Cir. 1991) (no informal abandonment); **In re FCX, Inc.**, 54 B.R. 833, 839 (Bankr. E.D.N.C. 1985) ("For a notice of abandonment . . . to be effective, it must identify the property to be abandoned . . .."). On the previous appeal to this Court regarding the Bankruptcy Court's November 22, 2010, order, this Court found that there was not proper notice to all creditors for the following reasons: (1) the alleged notice did not identify the causes of action abandoned, (2) the Trustee did not provide adequate information regarding why the causes of action were burdensome to the estate or of

settlement agreement and statements by the Bankruptcy Court at the January 14, 2010, hearing fail [*See* Doc. 42 at 12].   Because "[i]t is axiomatic that a court speaks through its orders," abandonment could not have occurred until an order authorizing abandonment was issued by the Court.   ***In re Markey***, 144 B.R. 738, 745 (Bankr. W.D. Mich. 1992).  As such, there was no effective abandonment at the January 14, 2010, hearing and no later "reversal" in the Bankruptcy Court's November 22, 2010, order.   Accordingly, this Court agrees with the Bankruptcy Court that there was no effective abandonment and **AFFIRMS** the Bankruptcy Court's November 22, 2010, order **[Doc. 16-28]**.

### B.  Settlement/Compromise of Claims

#### 1.  Parties' Arguments

On August 1, 2011, the Bankruptcy Court entered an order in case numbers 3:08-BK-435 and 3:07-BK-1671 that granted motions to compromise filed by the trustee for Mr. Van Wagner's bankruptcy estate (Mr. Fluharty) and the trustee for Vanwood's bankruptcy estate (Mr. Trumble) [Doc. 9-4].  As a result of that order, the Bankruptcy Court entered two orders reflecting that all claims raised by Mr. Van Wagner against (1) Mr. Pill, (2) Pill & Pill, LLC, (3) BB&T, (4) Atlas, (5) Mr. Hallam, (6) Rosenburg, Martin, Greenberg, LLP, (6) Mr. Libowitz, (7) James Steptoe, and (8) the estate of James D. Steptoe have been settled in 3:10-AP-46 [Doc. 12-12] and 3:10-AP-21 [Doc. 15-4].

Mr. Van Wagner argues that the Bankruptcy Court erred in granting the Motions for Approval to Settle and Compromise Claims because there were claims of fraud and deceit

---

inconsequental value and benefit to the estate, (3) there was not adequate notice in the notice of hearing that the Trustee would be seeking to abandon litigation rights, and (4) BB&T's objection to the abandonment required a ruling sustaining or overruling the objection.

that had not yet been litigated [Doc. 42 at 4 and 21].  In addition, the appellant also argues that the settlement and compromise of claims should not have occurred prior to the ruling of the abandonment issue on appeal [*Id.* at 20-21].  The appellees respond that "[g]iven the weakness of [Mr. Van Wagner's claims,] the Bankruptcy Court did not abuse its discretion in determining that the amounts being paid to [Mr.] Fluharty and [Mr.] Trumble by the Bank and Pill for releases from liability were well above the lowest point of reasonableness" [*Id.* at 22].

### 2.  Relevant Law

Pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and the indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."  FED. R. BANKR. P. 9019(a).  The bankruptcy court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise appeal."  *In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996).  When making that assessment and striking that balance, the court gives some deference to the business judgment of the trustee and also considers the following four factors: "(1) the probability of success in litigation;[5] (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *Id.* (citing **Protective Comm.**

---

[5]Although the bankruptcy court must examine the probability of success in litigation, it does not need to address or resolve the merits of the claims at issue in the case.  *In re Final Analysis, Inc.*, 417 B.R. 332, 342 (Bankr. D.Md. 2009).

*for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *In re Buffalo Coal Co., Inc.*, 2006 WL 3359585, *3 (Bankr. N.D.W.Va. Nov. 15, 2006).

"To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy." *In re Martin*, 91 F.3d at 393 (9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). Based upon this policy to favor settlement, the bankruptcy court can approve a compromise over objections so long as the compromise does not "fall[ ] below the lowest point of reasonableness." *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 269 B.R. 139, 149-50 (D.Md. 2001) (internal citations omitted), *aff'd*, *United States ex rel. Rahman v. Colkitt*, 61 Fed. Appx. 860 (4th Cir. 2003).

### 3.  Discussion

First, appellant argues that the Bankruptcy Court's Orders Granting Motions to Compromise/Settlement were in error because the trustee abandoned all causes of action [Doc. 42 at 21].  In essence, this argument is merely an attempt to relitigate the abandonment issue.  However, as previously discussed, this Court has previously ruled that the Bankruptcy Court properly held that the notice requirements for abandonment were not met and that the Trustee did not abandon the causes of action.  Accordingly the appellant's argument fails.  Appellant related contention that he only refrained from objecting to the settlement because he was under the impression that certain causes of action were being abandoned by Mr. Fluharty does not persuade this Court that it is necessary to overturn the approval of the settlement; as noted above, the Bankruptcy Court

was able to approve a settlement over objections so long as the settlement does not "fall[ ] below the lowest point of reasonableness." **United States ex rel. Rahman**, 269 B.R. at 149-50.

Next, appellant argues that his claims of fraud and deceit against the parties should have precluded settlement of the claims [Doc. 42 at 20-21]. However, the appellant does not cite to any supporting law for this argument [*See id.*]. This Court notes that cases involving a debtor's fraud-related claims have been settled and affirmed on appeal. *See e.g.*, **In re Martin**, 212 B.R. 316 (8th Cir. B.A.P. 1997). As such, the mere presence of fraud-related claims does not preclude settlement in a bankruptcy proceeding. *See id.* Instead, a reviewing court should determine whether a bankruptcy court "was sufficiently informed of the facts and employed the appropriate legal analysis in reaching its determination that the proposed settlement was reasonable." *Id.* at 320.

In this case, the Bankruptcy Court had to assess and balance the value of the claims that were being compromised against the value to the estate of the acceptance of the compromise appeal. *See **In re Martin***, 91 F.3d at 393. The trustee for Mr. Van Wagner's bankruptcy estate received $20,000 in the compromise/settlement [Doc. 9-4 at 1]. The trustee for Vanwood's bankruptcy estate received $15,000 in the settlement [*Id.*]. In its orders, the Bankruptcy Court addressed the value of Mr. Van Wagner's claims raised in his first and second state civil case because "no party has objected to the proposed settlements other than [Mr.] Van Wagner" [*Id.* at 2, n.3]. These claims included causes of action for (1) breach of contract, (2) breach of fiduciary duty, (3) negligence, (4) conspiracy to defraud, (5) wrongful conveyance, and (6) inadequate sales price at foreclosure.

In its assessment of the value of Mr. Van Wagner's claims, the Bankruptcy Court determined that the "probability of success in litigation" and the "paramount interest of the creditors" factors were determinative because the parties did not dispute the remaining factors [Doc. 9-4 at 8-9].   Accordingly, the Bankruptcy Court analyzed each of the appellant's claims from the first and second state civil cases and stated that it was "not convinced that the trustees would be better guided litigating the causes of action raised by [Mr.] Van Wagner to judgment" [*Id.* at 14; *see also id.* at 9-14].   The appellant raises no objection to the assessment completed by the Bankruptcy Court [*See* Doc. 42].   Review of the Bankruptcy Court's order reveals no clear error or abuse of discretion.   Moreover, the record reflects that the Bankruptcy Court properly considered the legal analysis in reaching its determination that the proposed settlement was reasonable.   As such, this Court hereby **AFFIRMS** the Bankruptcy Court's August 1, 2011, order granting the motions for approval of settlement and compromise **[Doc. 94]**.   Furthermore, because the two August 1, 2011, orders stating that all claims in case numbers 3:10-AP-21 [Doc. 15-4] and 3:10-AP-46 [Doc. 12-12] have been settled are based upon the Bankruptcy Court's order granting the motions for approval of settlement, this Court also **AFFIRMS** these orders **[Doc. 15-4 and 12-12]**.

### C.  Expungement of Notice of Lis Pendens

Although expungement of a notice of lis pendens is typically an interlocutory decision, where the order "fully determine[s the party's] right to maintain the recorded Lis Pendens [because] the underlying adversary proceeding ha[s] been dismissed," then it is a final order. ***In re Gonalez***, 2012 WL 603747, *5 (9th Cir. B.A.P. Feb. 2, 2012).  Because

the Bankruptcy Court ruled on the abandonment and settlement issues prior to its ruling on the motions to expunge the notices of lis pendens, the expungement of the notices of lis pendens were final orders for purposes of review by this Court. *See id.*

On August 11, 2011, the Bankruptcy Court entered two orders granting motions to expunge Mr. Van Wagner's Notices of Lis Pendens in Case Numbers 3:08-BK-435 and 3:10-AP-46 [Doc. 12-16] and Case Numbers 3:07-BK-1251 and 3:10-AP-21 [Doc. 16-14]. In his Appellant's Brief, Mr. Van Wagner identifies expunging [the] notice of lis pendens as an issue presented for review on appeal [Doc. 42 at 4].  In connection with this issue, the appellant raises two arguments: (1) that he did not receive the proper statutory time to respond to the motion to expunge, and (2) that he did not receive proper notice and opportunity to be heard [*Id.* at 4, 16-20].

On July 20, 2011, Atlas filed motions to expunge the appellant's notices of lis pendens filed against the disputed parcel [Doc. 12-9; Doc. 16-9]. On the same day, Atlas also filed motions for an emergency hearing on its motions to expunge the notices of lis pendens [Doc. 12-10; Doc. 16-10].  On July 28, 2011, the Bankruptcy Court issued a notice stating that a telephonic hearing for August 1, 2011, to address Atlas's motions to expunge [*See* Docket Sheet for 3:10-AP-46].  On August 1, 2011, the Bankruptcy Court held the telephonic hearing, after which it issued its orders granting the motion to expunge the notice of lis pendens [Doc. 12-16 and 16-14].  Mr. Van Wagner argues that this time line (1) did not provide him with the required statutory time frame with which to respond to the motion to expunge and (2) did not provide him with proper notice and opportunity to be heard on this matter [Doc. 42 at 17-20].

15

### 1.  Statutory Time to Respond

The appellant argues that he was "denied statutory time" to respond to Atlas's motions to expunge the notice of lis pendens [Doc. 42 at 17-18].  In support of this argument, the appellant cites to Rule 1011(b) of the Federal Rules of Bankruptcy Procedure [*Id.*].  Rule 1011(b) provides the deadline for defenses and objections to petitions in involuntary and cross-border cases.[6]  However, the Van Wagner, Vanwood, and Hickory Ridge bankruptcy cases involved voluntary petitions, not involuntary [*See* Docket Sheets for Case Nos. 3:07-BK-1251 and 3:08-BK-435].  Furthermore, these cases did not involve recognition of any foreign proceeding [*See id.*].  As such, Rule 1011 is not applicable.  The applicable rule is Rule 9014, which states the following: "In a contested matter not otherwise governed by [the] rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.  No response is required under this rule unless the court directs otherwise." FED. R. BANKR. P. 9014(a).  Accordingly, the appellant's argument pertaining to Rule 1011(b) fails.

### 2.  Notice and Opportunity to be Heard

The appellant argues that he did not receive reasonable notice that the August 1, 2011, hearing to address the motion to expunge was actually a final hearing [Doc. 42 at 18-20]; he states that the Bankruptcy Court's July 28, 2011, notice referred to the hearing as a pretrial conference [*Id.* at 19].  As such, the appellant argues that "he was not prepared

---

[6]Rule 1011(b) stipulates that "[d]efenses and objections to the petition shall be presented in the manner prescribed by 12 F.R.Civ.P. and shall be filed and served within 21 days after service to the summons . . .."

to present all witnesses, evidence, and memorandum at the final hearing" [*Id.* at 20].  The appellees argue that the situation appears to deny the appellant reasonable notice and opportunity for a hearing only if it is viewed in isolation from the long procedural history of the cases [Doc. 43 at 23-24].  The appellees state that the motion to expunge is related to the lengthy proceedings involving the abandonment issue and the proposed settlements, during which the plaintiff presented arguments and evidence [*Id.* at 24]. The appellees also argue that the Bankruptcy Court's orders on the motions to expunge were based upon on issues previously argued by the parties and ruled on by the Bankruptcy Court [*Id.* at 24-25]. Finally, the appellees argue that, even if the Bankruptcy Court erred in how it handled the hearing, the appellant has not identified any "new argument or evidence that he could have presented" at the hearing; as such, the appellees state that any potential error would be a harmless error [*Id.* at 25].

### i.  Pretrial Conference v. Final Hearing

Although the notice referred to the hearing as a "pre-trial conference," the notice clearly stated that the hearing was "to consider and act upon" the motions to expunge the notices of lis pendens [*See* Case No. 3:10-AP-46 Doc. 45 at 1].  As such, the appellant was aware that the Bankruptcy Court intended to address the motions to expunge the notices of lis pendens as well as rule on the motion.  Accordingly, the appellant's argument regarding the reference to the hearing as a pretrial conference fails.

### ii.  Previously-Resolved Matters

The appellant's sole substantive argument is that the motion to expunge the notice of lis pendens should not have been granted because the Court should have ruled that the claims could not be settled by the trustees because Mr. Fluharty had already abandoned

them, essentially reiterating the arguments previously addressed by this Court in Sections IIIA and IIIB of this order [Doc. 42 at 16-20].

"The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" ***TWFS, Inc. V. Franchot***, 572 F.3d 186, 191 (4th Cir. 2009) (internal citations omitted).  This law of the case doctrine "promotes the finality and efficiency of the judicial process . . .." ***Christianson v. Colt Indus. Operating Co.***, 486 U.S. 800, 816 (1988). Although "[a] court has the power to revisit prior decisions," a court should not do so absent an extraordinary circumstance such as a clear error that would work a manifest injustice. ***Id.*** at 817 (relying on ***Messinger v. Anderson***, 225 U.S. 436, 444 (1912)).

In its order granting the motions to expunge the notices of lis pendens, the Bankruptcy Court stated that its order was based upon the reasons fully stated on the record, including the Bankruptcy Court's approval of the motions to compromise [Doc. 12-16 at 1; Doc.16-14 at 1].  Because the Bankruptcy Court's August 11, 2011, orders granting the motions to expunge were based upon its prior rulings on the abandonment and compromise/settlement issues, this Court finds that the Bankruptcy Court ruling is supported by the law of the case doctrine.  *See* ***TWFS, Inc.***, 572 F.3d at 191. Furthermore, the Bankruptcy Court's August 11, 2011, orders promote the concept of finality and judicial efficiency by following its prior orders.  *See* ***Christianson***, 486 U.S. at 816.

Morever, because the appellant argues that the motions to expunge should have been denied because the ruling on the abandonment should have been different, Mr. Van Wagner is simply stating that he did not have sufficient notice to prepare arguments that

he had already made to the Bankruptcy Court.  In addition, because the appellant does not explain what evidence or arguments would have been presented had he been given more time to prepare for the August 1, 2011, telephonic hearing, Mr. Van Wagner is merely arguing that he did not have sufficient opportunity to present the same arguments to the Bankruptcy Court that he had previously presented to the Bankruptcy Court when it decided the previous matters.  As such, the appellant's argument alleging a lack of notice and opportunity to be heard on previously-resolved matters fails.

### iii.  Harmless Error

Rule 61 of the Federal Rules of Civil Procedure applies to bankruptcy cases pursuant to Rule 9005 of the Federal Rules of Bankruptcy Procedure.  *See* FED. R. BANKR. P. 9005.  As such, a harmless error is not a sufficient basis to overturn a ruling by the Bankruptcy Court.  FED. R. CIV. P. 61.[7]  A notice of lis pendens serves as notice to a potential purchaser of real estate that an individual is seeking "to enforce a lien upon, right to, or interest in [that] real estate."  W. Va. Code § 55-11-2. Accordingly, after the Bankruptcy Court (1) determined that Mr. Fluharty had not abandoned any claims and (2) authorized the trustees for the bankruptcy estates to settle the disputed claims, the notice of lis pendens no longer had a valid purpose; accordingly, expunging the notice of lis pendens did not affect any of Mr. Van Wagner's substantive rights.  Accordingly, even if the

---

[7]Rule 61 of the Federal Rules of Civil Procedure provides the following: Unless justice requires otherwise, no error in admitting or excluding evidence - or any other error by the court or a party - is ground for granting a new trial, for setting aside a verdict, or for vacating modifying, or otherwise disturbing a judgment or order.  At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Bankruptcy Court's ruling on the motion to expunge was in error, such error was a harmless one and cannot serve as a basis to reverse or modify the Bankruptcy Court's ruling.

In summary, the appellant's argument pertaining to Rule 1011 of the Federal Rules of Bankruptcy Procedure fails because the bankruptcy cases are neither involuntary nor pertaining to the recognition of any foreign proceeding.  In addition, (1) the appellant had notice that the Bankruptcy Court was going to rule on the motions to expunge the notices of lis pendens during the August 1, 2011, hearing, (2) the Bankruptcy Court's rulings were based upon matters that had previously been resolved by the Bankruptcy Court (the abandonment issue and the compromise/settlement issue), and (3) even if the Bankruptcy Court made an error in its order on the motion to expunge, it would have been a harmless one because it did not affect the appellant's substantive rights.  Therefore, this Court finds no reason to modify or reverse the Bankruptcy Court's order on this issue and hereby **AFFIRMS** the Bankruptcy Court's August 11, 2011, Orders Granting Motions to Expunge **[Docs. 12-16** and **16-14]** in Case Numbers 3:08-BK-435, 3:10-AP-46, 3:07-BK-1251, and 3:10-AP-21.

## IV.  CONCLUSION

For the foregoing reasons, the following Bankruptcy Court's orders are hereby **AFFIRMED**: (1) the November 22, 2010, order finding that certain causes of action had not been abandoned by the trustee of Mr. Van Wagner's bankruptcy estate **[Doc.16-28]**, (2) the August 1, 2011, order approving motions for approval of settlement in Case Numbers 3:08-BK-435 and 3:07-BK-1671 **[Doc. 9-4]**; (3) the August 1, 2011, order settling claims in Case Numbers 3:08-BK-435 and 3:10-AP-46 **[Doc. 12-12]**; (4) the August 1, 2011, order settling claims in Case Numbers 3:07-BK-1251 and 3:10-AP-21 **[Doc. 15-4]**; (5) the August

11, 2011, order granting motions to expunge the notice of lis pendens in Case Numbers 3:08-BK-435 and 3:10-AP-46 **[Doc. 12-16]**; and (6) an August 11, 2011, order granting motions to expunge the notices of lis pendens in Case Numbers 3:07-BK-1251 and 3:10-AP-21 **[Doc. 16-4]**.  Accordingly, this case is **DISMISSED** from the docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a certified copy to the *pro se* appellant.

**DATED**:  May 8, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE